Flores-Silva v. Garland

BIA
Brennan, IJ
A205 320 262

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-three.

PRESENT:
　　　　PIERRE N. LEVAL,
　　　　RICHARD J. SULLIVAN,
　　　　SARAH A. L. MERRIAM,
　　　　　　*Circuit Judges.*
_____

TELMO RODRIGO FLORES-SILVA,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　**21-6299**
　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:** Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Telmo Rodrigo Flores-Silva, a native and citizen of Ecuador, seeks review of an April 20, 2021 decision of the BIA affirming an October 1, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Telmo Rodrigo Flores-Silva*, No. A 205 320 262 (B.I.A. Apr. 20, 2021), *aff'g* No. A 205 320 262 (Immigr. Ct. N.Y.C. Oct. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *see also Gjolaj v. Bureau of Citizenship & Immigr. Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

To qualify for asylum or withholding of removal, an applicant must establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." [1] 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(b); *Paloka*, 762 F.3d at 195 (holding that "the applicant must establish both that the group itself was cognizable and that the alleged persecutors targeted the applicant on account of [his] membership in that group" (citations and quotation marks omitted)); *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (applying the "one central reason" standard to withholding of removal). Although persecutors may have more than one motive, *see Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014), "the protected ground cannot play a minor role . . . [t]hat is, it cannot be

---

[1] Flores-Silva does not challenge the agency's denial of his CAT claim.

3

incidental, tangential, superficial, or subordinate to another reason for harm," *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007).

The agency determined that Flores-Silva failed to show that his race was one central reason for the past harm. The petitioner has the burden to prove "a sufficiently strong nexus" between suffered or feared harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). There must be "some evidence" of the persecutor's motive, either "direct or circumstantial." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis omitted).

Flores-Silva claims that he suffered persecution on account of his race and fears future harm. He testified that he is "mestizo," meaning that his heritage is, in his words, "[p]art white, part Spanish." Certified Admin. Record at 41. He testified that on four occasions between 2009 and 2013, he was attacked by groups of indigenous people in the town of Ambato. The final attack took place in January 2013, when Flores-Silva and his nephew were selling vegetables in a predominantly indigenous market. A group of indigenous men yelled at Flores-Silva and his nephew to leave, then attacked them.

The evidence that Flores-Silva's race was connected to the assaults he suffered consisted largely of his own assertion that indigenous people are racist

4

and the absence of any other reason for the attacks. He did not report that racial language was used during any attack, nor did he specify any instances in which indigenous people attacked other mestizos or identify why the attacks against him started in 2009. Moreover, Flores-Silva confirmed that his daughter and siblings live in Ecuador without incident, although they are also mestizo. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that the fact that similarly situated family members remained unharmed in their home country undermined applicant's fear of future persecution).

But even if the circumstances of the final attack – that Flores-Silva was selling goods in a market where most of the vendors were indigenous – could be said to suggest a racial motivation for the attack, the agency reasonably found that Flores-Silva could avoid persecution by relocating within Ecuador. "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii); *see Singh v. B.I.A.*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). The record supports the agency's decision that

relocation would be reasonable because Flores-Silva was born in a town other than Ambato and lived there until the age of eleven without any problems with indigenous people; he speaks Spanish; and he had previously relocated to another city, though he decided not to stay because it was too expensive to rent space for a store. *See* 8 C.F.R. § 1208.13(b)(3) (2018) (listing relevant factors for determining reasonableness of relocation as "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.");[2] *Singh v. Garland*, 11 F.4th 106, 117–18 (2d Cir. 2021). Flores-Silva's argument that relocation would be unreasonable because of financial problems and separation from his family is not persuasive, as he has introduced no evidence indicating that he could not relocate and find work elsewhere, or that he is otherwise unable to live apart from his family in Ecuador.

The regulation in effect at the time of the IJ's decision provides that the Government bears the burden to establish that relocation would be reasonable

[2] This citation is to the version of the regulation in effect at the time of the IJ's decision. The regulation has since been amended. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80,274, 80,387 (Dec. 11, 2020).

only if the applicant establishes eligibility for asylum based on past harm, or a fear of government-sponsored future persecution. *See* 8 C.F.R. § 1208.13(b)(3)(ii) (2018). Even assuming that his showing of a race-based nexus for being attacked when he sold vegetables in an indigenous market was sufficient to establish past persecution, and that the burden was therefore on the Government to show that relocation was a reasonable option by which he could escape persecution, the preponderance of the evidence established that Flores-Silva could reasonably relocate and thereby escape persecution. There was no evidence of any insurmountable obstacle to his relocating and supporting himself elsewhere. *See id.* §§ 1208.13(b)(1)–(b)(1)(i)(B) (providing that "presumption [of future persecution] may be rebutted" where a "preponderance of the evidence" demonstrates that the applicant could relocate to another part of his country).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7